UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22761-BLOOM/Elfenbein

MAGNIFICENT CELESTIAL SERVICE
MINISTRIES 604734363,

    Plaintiff,

v.

GERALD HERTZ AS TRUSTEE OF THE
GERALD HERTZ REVOCABLE TRUST
AGREEMENT, JUDGE ROBERT T. WATSON,
THIRD PARTY PURCHASER KE REYES
PROPERTY MMGT., AND ALL PERSONS
UNKNOWN, CLAIMING ANY LEGAL OR EQUITABLE
RIGHT, TITLE, LIEN, OR INTEREST IN THE PROPERTY,
DOES 1 THROUGH 15,

    Defendants.

_____/

**ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court upon a review Magnificent Celestial Service Ministries 6044734363's ("Plaintiff") Petition to Set aside and Void Foreclosure Sale, Cancel Note and Mortgage, Claim in Recoupment, Quiet Title, and for Declaratory and Injunctive Relief ("Complaint")[1], ECF No. [1].

"[A] district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981)[2] (citations omitted). This includes the inherent power to dismiss a case. *See id*. Upon a review of the Complaint, the Court concludes

---

[1] The Court construes this filing as a complaint.
[2] The Eleventh Circuit has adopted, as binding precedent, all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Case No. 24-cv-22761-BLOOM/Elfenbein

it must be dismissed as a non-lawyer may not file on behalf of a corporation or an artificial entity. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

## I. BACKGROUND

On July 19, 2024, Garfield Williams ("Williams"), a non-attorney seeking to represent the interests of Magnificent Celestial Service Ministries 6044734363 ("Magnificent"), filed the instant Complaint on behalf of Magnificent. ECF No. [1]. This action stems for the conveyance of a warranty deed to Magnificent, which as alleged made Magnificent the owner of a property on August 14, 2023, ECF No. [1] at 2, ¶ 21. The Complaint alleges a potential third-party purchaser, KE Reyes Property Management, was in contract with Magnificent to purchase the property, then asked to be relieved of its contractual obligation to purchase the property *Id*. ¶ 17. Magnificent obliged. *Id*. Williams asserts KE Reyes Property thereafter "purchased the papers auctioned by Gerald Hertz as Trustee of the Gerald Hertz Revocable Trust Agreement" through the Clerk of the Court "for a discounted fire rate sale." *Id*. at ¶¶ 18, 19. Williams claims this was improper, asserting "by authority of statute hereby make [sic] a Declaration of Good Faith Statement of Account of $0, there is no Mortgage owed to the Defendant Gerald Hertz." *Id*. ¶ 20.

Williams complains of "involuntary servitude, trespass upon the 'Church' and peonage due to wanton and malicious acts and threats, duress, coercion and fraud, by and through promulgating counterfeit securities, in violation of the laws of the forum in Florida Republic, United States of America and the Law of Nations[.]" *Id*. at 3. Williams argues a *pro se* litigant "shall not be held to the same strict pleading standards as Bar-authorized attorneys" and that this Court must "provide curative instructions as to how to repair the paperwork and give leave or permission and adequate time to re-file." *Id*.

## II. LEGAL STANDARD

### A. *Pro Se* Filings

The Eleventh Circuit has "interpreted 28 U.S.C. § 1654, the general provision permitting parties to proceed *pro se*, as providing 'a personal right that does not extend to the representation of the interests of others.'" *Bass v. Benton*, Fed. App'x 298, 298 (11th Cir. 2011) (*citing Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008)). "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654. Accordingly, a non-lawyer cannot represent the interests of others. *Bass*, 408 Fed. App'x at 298. "The rule is well established that a corporation is an artificial entity that can act only through agents, cannot appear *pro se*, and must be represented by counsel." *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985).

## III. DISCUSSION

### A. A Corporation Cannot be Represented by a Non-Lawyer

Williams filed this Complaint, indicating that he is a "non-attorney, a real man, Gifted Dominion by the Creator non-corporate entity, as agent for Magnificent Celestial Services Ministries 604734363." ECF No. [1] at 1. Further in the Complaint, Williams identifies as a *pro se* litigant, and asks the Court to provide instructions on how to cure any deficiencies in the filing. *Id*. at 3. With respect to Magnificent, Williams claims it is an international organization pursuant to 28 U.S.C. § 288, has various exemptions as an organization pursuant to 26 U.S.C. § 508(c)(1)(a), and that Williams identifies as the Director. *Id*. at 1, 2, 3.

Williams has impermissibly filed this Complaint *pro se* seeking to represent Magnificent, a corporation. As the Eleventh Circuit held in *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381 (11th Cir. 1985) "[t]he rule is well established that a corporation is an artificial entity that can act only

3

through agents, cannot appear *pro se*, and must be represented by counsel." *Id*. at 1385. In *Palazzo*, plaintiffs Frank Palazzo and his wife Tina Palazzo, who were president and vice-president of the third plaintiff, Advanced Sales Corporation, filed claims against Gulf Oil Corporation. *Id*. at 1382. The plaintiffs were unable to continue to retain counsel, and the district court granted thirty days to either secure substitute counsel, or for the individual plaintiffs to file notice of proceeding *pro se*. *Id*. at 1383. The case was referred to the magistrate judge who ruled that "the court would not entertain any submissions on behalf of the corporate plaintiff Advanced except those by a licensed attorney." *Id*. Frank Palazzo argued as the largest shareholder of Advanced, that he was entitled to represent the claims of the organization, and filed an affidavit stating that the corporate plaintiff, Advanced, transferred its claims to him. *Id*. The district court nevertheless dismissed all claims initially set forth by Advanced because a corporation must be represented by counsel. *Id*.

On appeal, the Eleventh Circuit affirmed. *Id*. at 1384. The court found no basis for Frank Palazzo's argument that the corporation's assignment of its claims to him permitted him to assert those corporate claims *pro se*, without counsel. *Id*. at 1385. The Eleventh Circuit cited to precedent that an attempt to adopt the claims of a corporation or an organization do not permit an officer to appear *pro se* on behalf of an entity. *Id*. (citing *Jones v. Niagra Frontier Transp. Auth*., 722 F.2d 20 (2d Cir. 1983); *Heiskell v. Mozie*, 82 F.2d 861 (D.C. Cir. 1936); *Mercu-Ray Industries, Inc. v. Bristol-Myers Co.*, 392 F. Supp. 16 (S.D.N.Y. 1974), *aff'd mem.*, 508 F.2d 837 (2d *Cir*. 1974)).

Accordingly, the Complaint must be dismissed. Williams, a non-attorney, may not file on behalf of Magnificent, an artificial entity. Consistent with prevailing case law, Williams' role as Director of Magnificent Celestial Services Ministries does not permit him to represent the entity *pro se*. Any future action on behalf of Magnificent must be filed by an attorney.

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** that:

1. Plaintiff's Complaint, **ECF No. [1],** is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of Court shall **CLOSE** this case for administrative purposes only.

3. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED AS MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 26, 2024.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record